UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LARIAN WALLIS** | **CIVIL ACTION NO: 12-536** |
| **VERSUS** | **SECTION "C": JUDGE BERRIGAN** |
| **HORNBECK OFFSHORE SERVICES, L.L.C., HORNBECK OFFSHORE TRINIDAD AND TOBAGO, L.L.C.** | **DIVISION "5": MAG. JUDGE CHASEZ** |

**FIRST SUPPLEMENTAL AND AMENDED COMPLAINT FOR DAMAGES**

The amended complaint of **Larian Wallis** ("plaintiff"), a person of the full age of majority respectfully supplements and amends his original complaint in its entirety as follows:

1.

Plaintiff amends the caption to read as follows:

*LARIAN WALLIS*

*VERSUS*

*HORNBECK OFFSHORE OPERATORS, L.L.C., HORNBECK OFFSHORE TRINIDAD AND TOBAGO, L.L.C., and ROYAL EAGLE SERVICES, L.L.C.*

2.

The named defendants herein are:

**HORNBECK OFFSHORE OPERATORS, L.L.C.,** a foreign limited liability company authorized to do and doing business in the State of Louisiana.;

**HORNBECK OFFSHORE TRINIDAD AND TOBAGO, L.L.C.,** a foreign limited liability company authorized to do and doing business in the State of Louisiana; and

**ROYAL EAGLE SERVICES, L.L.C**., a domestic limited liability company authorized to do and doing business in the State of Louisiana.

3.

This claim is brought pursuant to the Jones Act 46 USC § 3104 and pursuant to the General Maritime Law, and is specifically designated as such within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

4.

Defendants are justly and truly indebted to petitioner for all damages that are reasonable in the premises, together with legal interest from the date of judicial demand until paid and all costs of these proceedings, by reason of the following:

5.

On or about August 7, 2011, plaintiff was employed by Royal Eagle Services, LLC, as a rigger, and was assigned to work as a member of the crew of the HOS CORNERSTONE, an offshore supply vessel owned by Hornbeck Offshore Trinidad and Tobago, L.L.C., and operated by Hornbeck Offshore Operators, L.L.C.

6.

Plaintiff was assigned by the captain of the HOS CORNERSTONE to sleep in a stateroom in the living quarters located on the HOS CORNERSTONE.

7.

On or about August 7, 2011, plaintiff was asleep in a top bunk located in his stateroom, when suddenly and without warning, he was tossed out of the bunk and landed on the corner of a desk, which was positioned directly next to the bunk beds. At the time of the accident, the HOS

CORNERSTONE was being rocked back and forth by strong winds and high waves, and the bunks were not equipped with guard rails or any other safety features to prevent plaintiff from being tossed from the bed during inclement weather.

8.

At all times pertinent, the HOS CORNERSTONE was improperly/insufficiently equipped for personnel to sleep during the weather conditions which occurred, a condition not readily within the knowledge or perception of the plaintiff, but certainly within the knowledge of the defendants.

9.

As a result of the accident described herein, plaintiff suffered severe and debilitating injuries to his back.

10.

As a result of the disability caused by these injuries, plaintiff will no longer be able to engage in his chosen occupation and will suffer a substantial loss of earnings, both past and future.

11.

Because of these injuries, plaintiff has endured and will continue to endure extreme physical and mental pain, suffering, and disability, and he has sustained a substantial loss of his enjoyment of his life.

12.

It is alleged upon information and belief that the damages suffered by plaintiff were caused by the negligence of defendants, Hornbeck Offshore Services, L.L.C. and Hornbeck

Offshore Trinidad and Tobago, L.L.C., as well as the unseaworthiness of the HOS CORNERSTONE, in the following non-exclusive particulars:

    A.    Failure to equip the bunks in the staterooms on the HOS CORNERSTONE with guard rails or safety features;

    B.    Failure to properly train, supervise, and/or inform personnel of the proper safety procedures;

    C.    Failure to ensure that plaintiff was provided with a safe place to work and sleep;

    D.    Failure to secure and/or supply equipment, apparel and furnishings, which were safe for their intended purpose and use;

    E.    Failure on the part of the supervisory personnel to recognize the obvious dangers present at the scene of the accident prior to plaintiff's injury, which caused or contributed to plaintiff's injury; and

    F.    Any and all acts of negligence and/or fault, which may be proven at trial of this matter or discovered prior thereto.

13.

It is alleged upon information and belief that the damages suffered by plaintiff were caused by the negligence of defendant, Royal Eagle Services, Inc. in the following non-exclusive particulars:

    A.    Failure to ensure that plaintiff was provided with a safe place to work and sleep;

    B.    Failure on the part of the supervisory personnel to recognize the obvious dangers present at the scene of the accident prior to plaintiff's injury, which caused or contributed to plaintiff's injury; and

    C.    Any and all acts of negligence and/or fault, which may be proven at trial of this matter or discovered prior thereto.

14.

As a result of defendants' negligence and the unseaworthiness of the HOS CORNERSTONE, plaintiff alleges that he is entitled to an award of general damages, including past and future physical and mental pain, suffering, disability, physical and mental impairment, humiliation, scarring, disfigurement, loss of enjoyment of life and special damages, including past and future loss of earnings capacity, and medical expense, past and future.

**WHEREFORE**, plaintiff, Larian Wallis, prays that defendants be served with a certified copy of this First Supplemental and Amended Complaint for Damages and be duly cited to appear and answer same; and after all due proceedings are had, that there be judgment rendered in favor of petitioner, Larian Wallis, and against defendants, Hornbeck Offshore Operators, L.L.C., Hornbeck Offshore Trinidad and Tobago, L.L.C., and Royal Eagle Services, L.L.C., for all damages that are reasonable together with legal interest and for all costs of these proceedings; and further for all general and equitable relief, which the court deems necessary and proper under the circumstances.

**Respectfully submitted,**

/s/ Adam J. Triplett_____
**CHARLES C. BOURQUE, JR. (#20118)**
**ADAM J. TRIPLETT (#32058)**
**ST. MARTIN & BOURQUE**
4084 Highway 311
P.O. Box 2017
Houma, Louisiana  70361
Telephone: (985) 876-3891
Facsimile:  (985) 851-2219

**SERVICE INFORMATION:**

**HORNBECK OFFSHORE OPERATORS, L.L.C.**
Through its agent for service of process:
Corporation Service Company
320 Somerulos St.
Baton Rouge, LA  70802-6129;

**HORNBECK OFFSHORE TRINIDAD AND TOBAGO, L.L.C.**
Through its agent for service of process:
Corporation Service Company
320 Somerulos St.
Baton Rouge, LA  70802-6129;

**ROYAL EAGLE SERVICES, L.L.C.**
Through its agent for service of process:
Henry Daigle, Jr.
7397 Highway 182 East
Morgan City, LA  70380