UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LARIAN WALLIS,** | **CIVIL ACTION** |
| Plaintiff | |
| **VERSUS** | **NO. 12-536** |
| **HORNBECK OFFSHORE OPERATORS, et al.** | **SECTION "E"** |
| Defendants | |

## ORDER AND REASONS

The Court has pending before it a motion for summary judgment filed by Defendant Royal Eagle Services, LLC.[1] The Court has reviewed the briefs, the record, and the applicable law, and now issues this Order and Reasons.

Plaintiff was a seaman employed by Royal Eagle, a supplier of riggers to offshore vessels. Royal Eagle supplied Plaintiff to work as a rigger aboard a vessel owned by Defendant Hornbeck Offshore Trinidad and Tobago, L.L.C., and operated by Defendant Hornbeck Offshore Services, L.L.C. (collectively, "Hornbeck"). While asleep on Hornbeck's vessel, Plaintiff allegedly rolled out of a top bunk and injured his back. Plaintiff filed suit against Royal Eagle and Hornbeck, alleging their negligence caused his injuries.

## STANDARD OF LAW

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23

---

[1] R. Doc. 83.

(1986).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991). If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden then shifts to the non-moving party to show that a genuine issue of material fact exists. *Id.* at 322-23. Once the burden has shifted, the non-moving party must direct the Court's attention to something in the pleadings or other evidence in the record that sets forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist. *Id.* at 324.

If the dispositive issue is one on which the non-moving party will bear the burden of proof at trial, however, the moving party may satisfy its burden by simply pointing out that the evidence in the record is insufficient with respect to an essential element of the non-moving party's claim. *See Celotex*, 477 U.S. at 325. The nonmoving party must then respond, either by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party" or by coming forward with additional evidence. *Celotex*, 477 U.S. at 332-33 & 333 n.3.

"An issue is material if its resolution could affect the outcome of the action." *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing, Inc.*, 530 U.S. 133, 150-51 (2000). All

2

reasonable inferences are drawn in favor of the non-moving party. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.  *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

## ANALYSIS

The Court finds particularly helpful the statement of the standard of law under the Jones Act contained in *Johnson v. Blue Marlin Servs. of Acadiana*, a case addressing a substantially similar motion for summary judgment filed by a labor supplier disclaiming liability for its employee's fall from a bunk on board a third party's boat:

> The law is well-settled that a Jones Act employer has an absolute and non-delegable duty to furnish the seamen in its employ with a safe place in which to work.  *Sanford v. Caswell*, 200 F.2d 830, 832 (5th Cir. 1953).  The law is also well-settled that this duty includes a duty to inspect third-party property for hazards and to protect the employee [from] possible defects.  *Davis v. Hill Eng'r, Inc.*, 549 F.2d 314, 329 (5th Cir. 1977) (quoting *Nivens v. St. Louis S.W. Ry. Co.*, 425 F.2d 114, 118-19 (5th Cir. 1970)), *overruled on other grounds by Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331 (5th Cir. 1997).  In other words, an employer has the duty to inspect third-party ships to which it sends its employees to work upon.  *Roulston v. Yazoo River Towing, Inc.*, 418 F. Supp. 2d 851, 856 (S.D. Miss. 2006).  If, by a reasonable inspection the employer could have discovered the unsafe condition, then the employer will be charged with notice of that condition.  *Id.* (citing *Ribitzki v. Canmar Reading & Bates*, 111 F.3d 658, 664 (9th Cir. 1997)).  "The employer may protect itself by simply refusing to permit its employees from going on the property."  *Davis*, 549 F.2d at 329 (quoting *Nivens*, 425 F.2d at 118-19).

713 F. Supp. 2d 592, 593 (E.D. La. 2010); *see also* 2 Robert Force & Martin J. Norris, *The Law of Seamen* § 30:39 (5th ed.) (quoting *Johnson*).

Royal Eagle contends that, even if Plaintiff was injured and the bunk was

unreasonably dangerous, that there is no evidence to suggest that Royal Eagle would have identified the bunk as dangerous had it inspected the vessel, or that Royal Eagle behaved unreasonably in deferring to Hornbeck to inspect the bunks on Hornbeck's own vessel.[2]  According to Royal Eagle, as a supplier of riggers to other vessels, it has neither the expertise nor the authority to inspect beds on board the vessels to which it supplies its employees, and therefore it was not negligent.

In response, Plaintiff asserts that Royal Eagle's duty to provide him a safe working environment is nondelegable, that Royal Eagle failed to perform any inspection at all, and that Royal Eagle's own *post*-accident investigation recommended installing safety mechanisms on the bunk.[3]  Therefore, Plaintiff argues that fact questions preclude summary judgment as to whether Royal Eagle's conduct fell below the standard of care.

Royal Eagle is not entitled to summary judgment.  The law charges Royal Eagle as a Jones Act employer with a *nondelegable* duty to provide Plaintiff with a safe workplace.  *See Johnson*, 713 F. Supp. 2d at 593.  It cannot avoid liability on summary judgment by contending that it delegated that duty to Hornbeck.  The law also charges Royal Eagle with constructive knowledge of any unsafe conditions which a reasonable inspection would have revealed, *see id.*, and holds Royal Eagle to "the standard of care that would have been exercised by a reasonable *employer* under similar circumstances," *The Law of Seamen* § 30:37.  Royal Eagle cannot avoid liability on summary judgment by contending that it did not inspect the vessel and even if it had, an ordinary rigger would not have identified the bunk as dangerous.

---

[2]  R. Doc. 83-1 at 1.
[3]  R. Doc. 113 at 3-4.

4

Essentially, Royal Eagle argues that it should not be liable because it (1) did not inspect Hornbeck's vessel, (2) did not employ anyone with the expertise to inspect the vessel, and (3) deferred to Hornbeck to inspect the vessel. These are precisely the reasons it might have been negligent, not reasons to absolve it from liability under the Jones Act as a matter of law. At any rate, the Court cannot decide the question of whether Royal Eagle's conduct fell below the standard of care on summary judgment. The Court, as trier of fact in the upcoming non-jury trial, will decide whether the bunk was unsafe, whether an inspection should have revealed that condition, and all other disputed questions of fact.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Royal Eagle's motion for summary judgment is **DENIED**.

New Orleans, Louisiana, this 1st day of August, 2014

_____Susie Morgan_____
SUSIE MORGAN
UNITED STATES DISTRICT JUDGE