UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LARIAN WALLIS,** | **CIVIL ACTION** |
| Plaintiff | |
| **VERSUS** | **NO. 12-536** |
| **HORNBECK OFFSHORE OPERATORS, et al.** | **SECTION "E"** |
| Defendants | |

ORDER AND REASONS

The Court has pending before it an excess of motions to strike expert testimony. Plaintiff moves to exclude: (1) Dr. Mariusz Ziejewski, a biomechanics expert,[1] (2) Captain Richard L. Frenzel, a liability expert,[2] (3) Carla D. Seyer, a vocational rehabilitation expert,[3] and (4) Kenneth J. Boudreaux, an economist.[4] Royal Eagle moves to exclude G. Randolph Rice, an economist.[5] Hornbeck move to exclude Thomas J. Meunier, Jr., a vocational rehabilitation expert.[6] Both Royal Eagle and Hornbeck filed separate motions to exclude Geoff Webster and Steve Nolte, liability experts.[7] The Court has reviewed the motions and denies them all.[8]

Plaintiff was a seaman employed by Royal Eagle, a supplier of riggers to offshore vessels. Royal Eagle supplied Plaintiff to work as a rigger aboard a vessel owned by Defendant Hornbeck Offshore Trinidad and Tobago, L.L.C., and operated by Defendant

---

[1] R. Doc. 87.
[2] R. Doc. 88.
[3] R. Doc. 94.
[4] R. Doc. 96.
[5] R. Doc. 85.
[6] R. Doc. 99.
[7] R. Docs. 84, 93.
[8] Two other motions to exclude expert testimony will be addressed in a separate order and reasons.

Hornbeck Offshore Services, L.L.C. (collectively, "Hornbeck"). While asleep on Hornbeck's vessel, Plaintiff allegedly rolled out of a top bunk and injured his back. Plaintiff filed suit against Royal Eagle and Hornbeck, alleging their negligence caused his injuries.

The Federal Rules of Evidence permit an expert witness with "scientific, technical or other specialized knowledge" to testify if such testimony "will help the trier of fact to understand the evidence or to determine a fact in issue," so long as "the testimony is based upon sufficient facts or data," "the testimony is the product of reliable principles and methods," and "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. The party offering the expert opinion must show by a preponderance of the evidence that the expert's testimony satisfies Rule 702. *Mathis v. Exxon Corp.*, 302 F.3d 448, 459-60 (5th Cir. 2002). Courts, as "gatekeepers," are tasked with making a preliminary assessment whether expert testimony is both reliable and relevant. *See Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243-44 (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993)). But "[m]ost of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury." *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000).

As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight of the evidence rather than its admissibility, and should be left for the finder of fact. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004). Thus, "'[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" *Pipitone*, 288 F.3d at

250 (quoting *Daubert*, 509 U.S. at 596).  The Court is not concerned with whether the opinion is correct, but whether the preponderance of the evidence establishes that the opinion is reliable.  *See Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012). "It is the role of the adversarial system, not the court, to highlight weak evidence." *Primrose*, 382 F.3d at 562.

The Court has reviewed the motions and finds no basis to exclude any expert from testifying at the upcoming bench trial.  With respect to the motions challenging economists and vocational rehabilitation experts, the parties merely dispute the premises and assumptions utilized by the experts.  These critiques can be addressed on cross-examination in light of the factual record developed at trial.  If the facts as found by the Court do not support any expert's assumptions regarding Plaintiff's earnings history or other matters, the Court will accordingly disregard those opinions as irrelevant.  The motions[9] are denied.

With respect to the motion to exclude Defendants' biomechanics expert, Plaintiff moves to exclude Dr. Ziejewski because he offers a "medical causation" opinion.[10]  This assertion is not supported by the present record; it appears from his report that Dr. Ziejewski opines based on his experience and expertise regarding the biomechanical impossibility of Plaintiff's account of the alleged fall without venturing into testimony requiring qualification as a medical doctor.  Plaintiff's other complaints regarding his opinions can be addressed through cross-examination.  The motion is denied.

Finally, the motions to exclude Plaintiff's liability experts Geoff Webster and Steve Nolte[11] and the motion to exclude Defendant's liability expert Richard Frenzel are

---

[9]   R. Docs. 85, 94, 96, 99.
[10]  R. Doc. 87.
[11]  R. Docs. 84, 93.  Webster and Nolte issued a joint expert report, R. Doc. 93-10, and both are listed

denied at this time.[12] The Court does not imply that each of these witnesses is qualified to offer every opinion in their respective reports, or that every opinion will be admitted at trial or given any weight by the Court. At trial, the Court will apply the Rules of Evidence and, for example, exclude testimony which does nothing more than offer legal conclusions, *see Francois v. Diamond Offshore Co.*, 2013 WL 1654635, at *2 (E.D. La. Feb. 21, 2013), or which expressly vouches for the credibility of a witness, *see United States v. Moore*, 997 F.2d 55, 59 (5th Cir. 1993). The Court also will apply common sense and will ignore unhelpful and conclusory opinions regarding ultimate issues of fact. But because this is a bench trial in which the Court will not base its written findings of fact and conclusions of law on inadmissible evidence, the Court declines to exclude these witnesses categorically at this time. *See Government of Canal Zone v. Jimenez G.*, 580 F.2d 897, 898 (5th Cir. 1978).

For the foregoing reasons, the pending motions to exclude are **DENIED**.

New Orleans, Louisiana, this 1st day of August, 2014

*Susie Morgan*
SUSIE MORGAN
UNITED STATES DISTRICT JUDGE

---

in Plaintiff's amended witness and exhibit list, R. Doc. 79 at 5.
[12] R. Doc. 88.